1

2

3

4                        IN THE UNITED STATES DISTRICT COURT

5

6                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

CHRISTOPHER JOHNSON,                        No. C 16-5989 WHA (PR)

8
                 Petitioner,                **ORDER TO SHOW CAUSE;**
9                                           **GRANTING LEAVE TO PROCEED**
       v.                                   **IN FORMA PAUPERIS; DENYING**
10                                          **MOTION FOR APPOINTMENT OF**
DEBORAH ASUNCION; KAMALA                    **COUNSEL**
11    HARRIS,

12               Respondents.               (Dkt. No. 2, 3, 6)
                                    /
13

14                              **INTRODUCTION**

15          Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus

16    pursuant to 28 U.S.C. 2254 challenging his state court conviction.  His motions for leave to

17    proceed in forma pauperis are **GRANTED**.  For the reasons discussed below, respondent is

18    ordered to show cause why the petition should not be granted and the motion for appointment of

19    counsel is **DENIED**.

20                               **STATEMENT**

21          Petitioner was convicted in Alameda County Superior Court of second-degree robbery

22    and sentenced to a term of 30 years in state prison under California's "Three Strikes Law."  His

23    appeals to the California Court of Appeals and the California Supreme Court were denied, as

24    was a petition for a writ of habeas corpus to the Monterey County Superior Court in 2016.

25    Thereafter, petitioner filed the instant federal petition.

26                                **ANALYSIS**

27    A.    **STANDARD OF REVIEW**

28          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

**United States District Court**
For the Northern District of California

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

1    violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a); *Rose*

2    *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

3    requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

4    of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

5    court must "specify all the grounds for relief which are available to the petitioner ... and shall

6    set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

7    the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254.  "'[N]otice' pleading is not

8    sufficient, for the petition is expected to state facts that point to a 'real possibility of

9    constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

10   688, 689 (1st Cir. 1970)).

11   **B.    LEGAL CLAIMS**

12           Petitioner claims that: (1) his trial counsel was ineffective in failing to object to

13   inadmissible and damaging testimony; (2) the prosecutor engaged in misconduct; (3) trial

14   counsel was ineffective in failing to object to the prosecutor's misconduct; (4) trial counsel was

15   ineffective in failing to keep petitioner's statement to the police from being admitted into

16   evidence; and (5) the cumulative effect of the foregoing errors rendered the trial fundamentally

17   unfair.  When liberally construed, these claim warrant a response.

                                     **CONCLUSION**

18

19           1.  The clerk shall mail a copy of this order and the petition with all attachments to the

20   respondent and the respondent's attorney, the Attorney General of the State of California.  The

21   clerk shall also serve a copy of this order on the petitioner.

22           2.  Respondent shall file with the court and serve on petitioner, within **sixty-three (63)**

23   **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

24   Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

25   granted based on the claim found cognizable herein.  Respondent shall file with the answer and

26   serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are

27   relevant to a determination of the issues presented by the petition.

28           If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

3.   Respondent may file, within **sixty-three (63) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4.   Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5.   The motion for appointment of counsel is **DENIED** because this case is not especially complex and petitioner is capable of presenting his claims on his own.   Counsel will be appointed at a later date should the circumstances change so as to warrant such appointment, for example if an evidentiary hearing becomes necessary.

**IT IS SO ORDERED.**

Dated: December ___1___, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3