IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHNSON, | No. C 16-5989 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| DEBORAH ASUNCION; KAMALA HARRIS, | (Dkt. No. 9) |
| Respondents. | |

## INTRODUCTION

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging his state court conviction and sentence. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has opposed the motion in two traverses, both of which have been considered, and respondent filed a reply brief. Both parties have filed exhibits. After careful consideration of the record and for the reasons discussed below, the motion to dismiss is **GRANTED** and the case is **DISMISSED**.

## STATEMENT

The following procedural background is not disputed by the parties:

In 2004, a jury in Alameda County convicted petitioner of second-degree robbery. Enhancements for prior strike convictions and prison terms were found true, and based thereon, the trial court sentenced petitioner to a term of 30 years to life in state prison. The California Court of Appeal affirmed the judgment in 2005, and the California Supreme Court denied review on March 15, 2006. Petitioner did not file a petition for a writ of certiorari. In 2005, while the petition for review was pending in the California Supreme Court, petitioner unsuccessfully petitioned the California Court of Appeal for a writ of habeas corpus. On

October 19, 2015, petitioner filed a petition for writ of habeas corpus in the Monterey County Superior Court, which was transferred to Alameda County where it was denied on December 7, 2015. On October 3, 2016, petitioner gave the instant petition to prison officials for mailing, and it was filed on October 14, 2016. None of these facts are in dispute.

**ANALYSIS**

The statute of limitations is codified at 28 U.S.C. 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. 2244(d)(2).

Petitioner's judgment became final under Section 2244(d)(1)(A) on June 15, 2006, because that is when the time for seeking a writ of certiorari in the United States Supreme Court from the denial of his final direct appeal in the state court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir. 1999). The limitations period expired one year later, on June 15, 2007. Under the "mailbox rule" the instant petition is deemed filed when it was given to prison authorities for filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The instant petition was given to prison officials for mailing on October 3, 2016, over nine years after the limitations period expired. Absent tolling for that amount of time, the instant petition is untimely.

Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. 2244(d)(2). Petitioner's first state habeas petition does not toll the limitations period because it was filed and denied while the direct appeal was still pending, and therefore the limitations period had not

yet begun to run. Petitioner's other state habeas petition, filed in the superior court in 2015, also does not toll the limitations period under Section 2244(d)(2) because it was filed long after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once AEDPA's limitations period has run, state habeas petition cannot revive it). Accordingly, tolling under Section 2244(d)(2) does not render the instant petition timely.

In his opposition, petitioner argues that his petition is untimely because his legal documents were lost, stolen or misplaced for nine years, because he suffers from a mental impairment for which he has been involuntarily medicated since May 2015, and because he does not have counsel. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The petitioner has the burden to show that he is entitled to equitable tolling. *Ibid.* The first prong requires a petitioner to show that he was reasonably diligent during the existence of the extraordinary circumstances that prevented his timely filing. *Bibbs v. LeGrand*, 767 F.3d 879, 892 (9th Cir. 2015).

Petitioner claims that lost legal documents caused his delay. Petitioner states that his "legal documents" were "stolen or misplaced or lost for about (9) nine years" (ECF No. 10 at 1, 3). To obtain equitable tolling on such grounds, a petitioner must identify the particular document that was needed and show he could not procure it in time to file a federal habeas petition. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). Petitioner does not identify which particular legal documents were missing, let alone why he needed them. It is noted that petitioner was not required to file any portion of the state court records with his federal petition. *See Pliler v. Ford*, 542 U.S. 225, 232 (2004). To file the instant petition, petitioner simply needed to present his claims and the factual bases for them. Petitioner already knew about his federal claims in 2005 because the instant petition makes the same claims that petitioner made in his habeas petition to the California Court of Appeal in July 2005, approximately two years before the limitations period expired. Petitioner also has not shown reasonable diligence

3

because does not describe any efforts he made over nine years to obtain whatever documents he asserts were missing, or how he ultimately obtained them. Petitioner is not entitled to equitable tolling on the basis of missing legal documents because he has not shown that there were documents that he needed to file his federal petition but that he could not obtain with reasonable diligence.

Petitioner also has not shown that his mental condition is grounds for nine years of equitable tolling. Eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test:

> (1) First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and footnote omitted). In practice, to evaluate whether a petitioner is entitled to equitable tolling due to mental impairment, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements. *Id.* at 1100-01.

Petitioner states that he is "gravely disabled" and is forced to take psychotropic medication. Petitioner attaches a document from a medical doctor dated May 3, 2016, stating that petitioner has "delusional disorder, paranoid and grandiose" but is able to cooperate with staff and care for himself (ECF No. 10 at 11-13). The doctor also indicates that petitioner was hospitalized at a prior prison from March 2014 to January 2015 due to aggressive behavior, and

4

began involuntary medication in May 2015 (*id.* at 13-14).

Petitioner does not meet the first step of showing that he had a severe mental impairment, or any mental impairment, during the filing period between 2006 and 2007. The earliest evidence of mental impairment was in 2014, seven years after the statute of limitations had expired. The record also indicates that petitioner's mental condition did not incapacitate him. Attached to his habeas petition in the superior court are exhibits showing that he filed appeals and accommodation requests in the prison system in 2008, 2009, and 2010, and also wrote a letter to prison officials claiming that he was overdue for release (ECF No. 9-1). These documents indicate that petitioner was capable of coherently seeking legal relief, or at least obtaining the necessary assistance to do so, between 2008 and 2010. Moreover, the doctor indicated that petitioner's grandiosity and paranoia did not prevent him from following prison rules or meeting deadlines for appointments. This evidence indicates that his mental impairment was not so severe that he could not rationally or factually understand the need to file a petition in a timely manner. The record also belies any notion of diligence because petitioner began receiving medication in May 2015, but did not file the instant petition for a year and a half. This delay is unexplained. Under these circumstances, there is no grounds for equitably tolling the limitations period for nine years based upon petitioner's mental condition.

Finally, petitioner's pro se status and lack of personal legal training are not extraordinary circumstances warranting equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir., 2006).

Because the instant petition was filed over nine years after the limitations period expired, and there are not grounds for statutory or equitable tolling for that amount of time, the petition must be dismissed as untimely.

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss is **GRANTED** and the petition is **DISMISSED**. The other pending motions are **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in

5

which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September   19  , 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE